MEMORANDUM **
Jorge Picasso-Gomez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s denial of his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo ineffective assistance of counsel claims. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir.2005). We dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the agency’s discretionary determination that the evidence Picasso-Gomez presented with his motion to reopen would not alter the agency’s prior discretionary determination that he failed to establish the requisite hardship for cancellation of removal. See Fernandez v. Gonzales, 439 F.3d 592, 600 (9th Cir.2006) (8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the BIA’s discretionary denial of a motion to reopen where the evidence submitted is cumulative and concerns hardship previously considered by the agency).
We agree with the agency that Picasso-Gomez failed to show he was prejudiced by his former counsel’s performance. See Lara-Torres v. Ashcroft, 383 F.3d 968, 973 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005) (order) (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate prejudice).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.